# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Layla Janowski | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Receivables Management Partners, LLC | ) | |
| 8085 Knue Road | ) | |
| Indianapolis, IN 46250 | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

1. Plaintiff, Layla Janowski, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Receivables Management Partners, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

3. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff incurred an obligation to pay money, the primary purpose of which

was for personal, family, or household uses (the "Debt").

5. Plaintiff is a resident of the State of Illinois.

6. Defendant ("Receivables Management Partners"), is a Indiana business entity with an address of 8085 Knue Road, Indianapolis, IN 46250, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

7. Unless otherwise stated herein, the term "Defendant" shall refer to Receivable Management Partners, LLC, hereinafter.

8. Defendant is commonly known as RMP.

9. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

11. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## FACTS APPLICABLE TO ALL COUNTS

12. Plaintiff filed for Bankruptcy on November 7, 2022. See Exhibit
13. All of her creditors including Defendant were properly notified of the Bankruptcy filing, and all information that went with it including that Plaintiff had an Attorney. See Exhibit.
14. Specifically, Defendant was notified on November 8, 2022 of the Bankruptcy filing and the facts stated in paragraph 12 of this Complaint.
15. However, instead of following the Automatic Stay, Defendant has placed numerous phone calls to Plaintiff since the filing of this Bankruptcy.

## STANDING

16. As stated above, Defendant was well aware of the Bankruptcy filing and that Plaintiff had an Attorney for this matter.

17. Defendant invaded the privacy set up by the Automatic Stay under 11 U.S.C. Section 362 and its actual knowledge that Plaintiff had an Attorney.
18. Plaintiff was subject to numerous phone calls which led to annoyance and aggravation.

## PRAYER FOR RELIEF

19. Plaintiff demands the following relief:

    WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff